[Crim. No. 27268. Second Dist., Div. Four. Jan. 22, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN RODRIGUEZ VELASQUEZ, Defendant and Appellant.

## COUNSEL

Glen H. Schwartz, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—In case No. A314154, defendant, together with three other persons,[1] was charged (count I) with offering to sell heroin, in violation of section 11352 of the Health and Safety Code; the same four persons were charged (count II) with attempted grand theft, in violation of sections 487 and 664 of the Penal Code; the same four were also charged (counts III through VI) with using heroin, in violation of section 11550 of the Health and Safety Code. The trial of defendant Moreno was severed; defendant and the other two defendants were tried jointly. The jury found defendant Velasquez and codefendant Hansen guilty on counts I and III and not guilty on count II. Codefendant Chagolla was found guilty on count III, not guilty on count II; the jury

---

[1] Paul Chagolla, Susan Margaret Hansen and James Moreno.

was unable to agree on count I. Defendant Velasquez was sentenced to state prison on count I and to one year in the county jail on count II, the sentences to run concurrently and concurrently with the sentence in case No. A290544.[2]

In case No. A290544, defendant Velasquez had pled guilty, in 1973, to a violation of (then) section 11501 of the Health and Safety Code; he was granted probation. Probation was revoked and he was sentenced to state prison because of the convictions in case No. A314154.

Velasquez has appealed from both judgments. We affirm the judgment in case No. A290544; we affirm the judgment in case No. A314154 as to count I; we reverse the judgment in that case as to count III.

On December 26, 1974, officers of the Whittier Police Department arrested Laura Caico on a narcotic charge. The following day, Officer Pierce, of that department, interviewed Miss Caico; in the course of that interview, Officer Pierce sought her assistance in discovering and arresting sellers of heroin. His statement to her was, as he testified, as follows: "I made a promise to her that if charges were filed against her, I would make known to the District Attorney and to the Judge hearing this case the fact that she assisted us in working or taking off the street narcotics." Thereafter, Miss Caico made a series of telephone calls to codefendant Hansen. Those calls, with Miss Caico's consent, were monitored by Officer Pierce who, with Miss Caico's consent, tape recorded them. The effect of those calls was that Miss Caico asked Mrs. Hansen to secure for her a "piece." The price (approximately $900) was discussed, as was the manner of delivery. Miss Caico, accompanied by Officer Pierce in plain clothes and purporting to be a potential buyer, drove to a restaurant. There, after a final phone call by Miss Caico, the other three defendants arrived, on foot. There followed a complicated series of checking and driving around, culminating in the statement by defendant that an approaching automobile was bringing the supposed supplier. Surveilling officers then moved in and arrested all the defendants. Body searches and search of the automobile disclosed no narcotics.

I

■ Defendant claims that evidence of the phone calls from Miss Caico to Mrs. Hansen should not have been admitted. We disagree.

[2]Only the conviction of Velasquez is before us on this appeal. We are not advised as to any subsequent proceedings affecting the other defendants.

It is conceded that the monitoring and taping of those calls was proper if done with Miss Caico's consent. (Pen. Code, § 633; *People* v. *Murphy* (1972) 8 Cal.3d 349, 358-362 [105 Cal.Rptr. 138, 503 P.2d 594].) The argument is that, because Miss Caico was in custody and because Officer Pierce had made to her the "promise" above set forth, her consent was not voluntary. The argument is without merit. Whether the custody operated as a compulsion was a matter of fact for the trial court to resolve; its determination of that issue is binding on us. The only promise made to Miss Caico was that the officer would advise enforcement personnel and the courts of her assistance; no promise that she would receive immunity or favorable sentencing was made. The promise was not such as, as a matter of law, must be held coercive.[3]

## II

■ Defendant argues that the evidence does support the verdict on count I. That argument rests solely on the fact that conversations between Miss Caico and Mrs. Hansen, and between Officer Pierce and the defendants was couched in street jargon. The significance, in narcotic transactions, of the terms "piece" and "step on" was testified to by admitted experts. The fact that those terms, in another context and between a different class of persons, may have other slang meanings does not detract from the right of this jury to accept the testimony that, as used here, the terms referred to the potential sale of a substantial quantity of relatively pure heroin.

## III

■ However, we agree that the record does not support the verdict on count III (the "use" count). The evidence to support that count, as relied on here by the People, is as follows: (1) defendant admittedly had been a user of heroin in the past; (2) examination of his arms, on his arrest, disclosed some old marks, and several more recent; the more recent ones were, on the testimony of the People's expert, from five to seven days old; (3) defendant falsely claimed not to have used heroin for several months. Admittedly, defendant, although intoxicated from liquor, was not under the influence of narcotics at the time of arrest.

---

[3]On this appeal, counsel for defendant relies on the following statement by the trial judge: "My recollection of the officer's testimony was that he would inform the District Attorney and the Court of the circumstances, and no promises were made." That statement was correct; no promises of favorable action had been made. The whole context of the judge's remarks shows that he was well aware of the promise of a good character reference made by the officer.

The "use" proscribed by section 11550 of the Health and Safety Code is a current use, not a use in the past. Even though defendant lied in claiming to have been free of narcotics for several months, the People's own testimony supports no usage closer than the five-to seven-day period testified to by their own expert. We conclude that, while usage no more distant than that might support a finding of danger to become (again) addicted, it does not support a finding of a current addiction and use.

The judgment in case No. A290544 is affirmed. The judgment on count I, in case No. A314154, is affirmed; the judgment on count III, in case No. A314154, is reversed.

Dunn, J., and Jefferson (Bernard), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 18, 1976.