**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael BURKE aka Eric Boone,
Defendant-Appellant.**

No. 82–1002.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1982.

Decided Dec. 14, 1982.

George T. Anagnost, Phoenix, Ariz., for defendant-appellant.

John D. Lyons, Jr., Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before ANDERSON, FERGUSON, and REINHARDT, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Burke pled guilty to three counts of mail fraud and one count of engaging in a prohibited commodity option transaction. Burke appeals his conviction on the commodity option violation. We affirm.

## I. FACTS

Burke was indicted on December 9, 1980, on thirteen counts of mail fraud, 18 U.S.C. § 1341, three counts of wire fraud, 18 U.S.C. § 1343, and thirteen counts of engaging in prohibited commodity option transactions, 7 U.S.C. § 6c(c). On defendant's motion, most of the commodity option counts were dismissed without prejudice on March 30, 1981. Subsequently, on September 24, 1981, the grand jury returned a superseding indictment restoring the prohibited commodity option counts and amending the language of those counts as required by the trial court. Defendant again moved to dismiss the commodity option counts. This motion was denied.

Trial began on November 3, 1981. Defendant's motion for mistrial was granted on November 13, 1981. A retrial was scheduled for December 1, 1981. On November 23, 1981, Burke pled guilty to three of the mail fraud counts and one count of engaging in a prohibited commodity option transaction.

Burke was sentenced on December 14, 1981 to three and one-half years in prison for each of the mail fraud counts, the sentences to run concurrently. Burke was also sentenced to four years' probation, set to begin after completion of the prison term, for the commodity option transaction violation.

## II. DISCUSSION

Burke appeals only that portion of his conviction relating to the prohibited commodity option transaction, 7 U.S.C. § 6c(c).[1] He argues that 7 U.S.C. § 6c(c) is impermissibly vague in violation of the due process clause.

Subsection (c) of § 6c was enacted in 1978. It was designed to prohibit most commodity option transactions until the Commodities Futures Trading Commission (CFTC) could be restructured to adequately regulate trading in the commodities area. The statute clearly prohibits certain commodity options trading as of September 30, 1978 and continuing until the CFTC transmits documentation of its ability to regu-

---

1.  7 U.S.C. § 6c(c) provides:

Commodity option transaction; conditions ending prohibition; excepted persons

(c) Notwithstanding the provisions of subsection (b) of this section, no person may, after September 30, 1978, offer to enter into, enter into, or confirm the execution of any commodity option transaction involving any commodity regulated under this chapter but not specifically set forth in section 2 of this title prior to October 23, 1974, until (1) the Commission transmits to the House Committee on Agriculture and the Senate Committee on Agriculture, Nutrition, and Forestry documentation of its ability to regulate successfully such transactions, including a copy of the Commission's proposed rules and regulations, and (2) the expiration of thirty calendar days of continuous session of Congress after the date of such transmittal. The Commission is not precluded from transmitting, at any time, documentation relating to its ability to regulate such transactions regarding individual commodities, classes of commodities, or regulation of such transactions on specific boards of trade. Nothing in this subsection shall affect any rights or obligations arising out of any transactions subject to the provisions of this subsection entered into, or the execution of which was confirmed, prior to October 1, 1978: *Provided,* That this prohibition shall not apply to any transaction expressly permitted under rules or regulations prescribed by the Commission, before or after September 30, 1978, to be offered to be entered into, entered into, or confirmed, in which the purchaser is a producer, processor, commercial user of, or a merchant handling, the commodity involved in the transaction, or the products or byproducts thereof.

late the area to Congress. It is the open-endedness of the prohibition which Burke claims is unconstitutionally vague.

On or about September 18, 1981, the CFTC transmitted notice to Congress of its ability to regulate commodities option trading. On September 24, 1981, Burke was charged under the superseding indictment. In November of 1981, when Burke pled guilty, all the essential elements were present in the count. He, therefore, waived the issue he now seeks to present.

■ We recognize that a plea of guilty does not constitute a waiver of all defenses available to a criminal defendant. *See Menna v. New York,* 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975). A guilty plea does, however, constitute an admission of all facts necessary for conviction, as well as a waiver of "all constitutional claims that might have precluded the prosecution from establishing factual guilt had the case gone to trial." *Launius v. United States,* 575 F.2d 770, 771 (9th Cir.1979).

■ Whether Burke waived his right to raise this issue must be determined in light of the standards which govern vagueness in criminal statutes. "[A] court may only consider a vagueness challenge on the facts of the case before it." *United States v. Ocegueda,* 564 F.2d 1363, 1365 (9th Cir.1977); *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). "[T]he test is not whether the statute is vague in the abstract but whether it is vague as applied in the particular circumstances of the case." *United States v. Broncheau,* 597 F.2d 1260, 1263 (9th Cir.), *cert. denied,* 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979).

Viewed from the particular circumstances of this case, there is no doubt Burke waived the vagueness claim. Burke's guilty plea established the essential elements of a 7 U.S.C. § 6c(c) violation, including that he entered into the illegal transaction during the period of the statutory prohibition. In this appeal, the critical question is the tim-ing of the transmission by the CFTC to Congress. The CFTC made its transmission to Congress approximately one week before the superseding indictment was filed. At that point, any possible question concerning the vagueness of the end of the prohibitory period, if any such vagueness existed, was cured. We fail to see how Burke can now argue the statute is vague as applied to his conduct. He asserts that the statute's requirement of the transmission by the CFTC of sufficient documentation of "its ability to regulate successfully" lacks any definiteness. But this portion of the statute is not an element of the crime charged. As we have emphasized, the critical element is the timing of the filing of the documents with Congress.

Burke's admission, through his guilty plea, conclusively establishes his conduct occurred during the statute's effective period. As applied to Burke, the statute is not impermissibly vague.

The judgment of the district court is AFFIRMED.[2]

---

**2.** Judge Reinhardt concurs in the result, but was unable to participate in the preparation or approval of this Opinion.