UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael James SANDSNESS,
Defendant–Appellant.

No. 92–30131.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 18, 1992.

Decided March 10, 1993.

Robert J. McCrea, McCrea P.C., Eugene, OR, for defendant-appellant.

James L. Sutherland, Asst. U.S. Atty., Eugene, OR, for plaintiff-appellee.

Before: BEEZER, NOONAN and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

Michael Sandsness appeals his sentence for selling drug paraphernalia in interstate commerce. He claims that 21 U.S.C. § 857 (1988) (now 21 U.S.C. § 863 (1992)), the statute defining the crime to which he pleaded guilty, is vague and overbroad. He also claims that the sentencing judge erred in enhancing his sentence for his managerial role in the offense because the statute is vague as applied with respect to other sales to which he did not plead guilty. We affirm.

Defendant managed two stores in Oregon which sold grow lights, electrical transformers, and other items which have innocent uses. This equipment can also be used to grow marijuana indoors. An employee with knowledge that the merchan-

dise was to be used for the production of marijuana sold some of the items to a government undercover agent. The defendant entered an Alford plea:

> On or about June 13, 1989, I was the manager of the Rain or Shine business in Eugene, District of Oregon. The business sold items on that occasion, with the salesperson knowing, that the primary use intended for those particular items, being then sold, was to grow marijuana. Such items had been obtained in interstate commerce. As manager, I was responsible for sales being made from and by the business, and I accept responsibility for this particular sale.

The government recommended several upward adjustments in the offense level. The court increased the sentence two levels in light of the defendant's managerial status under United States Sentencing Commission, *Guidelines Manual* (U.S.S.G.), § 3B1.1(c) (Nov. 1991):

> The Government requests the Court to enhance the defendant's offense level to reflect his role in the offense under [U.S.S.G. § ] 3B1.1. Well, I'm going to do it, but not in response to the Government's motion. I'm going to do it because that's what the facts are, whether the Government had moved it or not. It's clear that, to me—and I find certainly by a preponderance of the evidence that the defendant, here, is responsible as a manager, not just of the store but of the sale of these—this equipment to marijuana growers.

Judge Hogan sentenced the defendant to 16 months in prison, the maximum sentence at that offense level. This court has jurisdiction under 28 U.S.C. § 1291.

## I

■ Defendant has already pleaded guilty to the crime set out in the statute that he now challenges for vagueness and overbreadth.[1] While a guilty plea waives all nonjurisdictional defects and fact issues, it does not bar constitutional challenges. *United States v. Broncheau*, 597 F.2d 1260, 1262 n. 1 (9th Cir.), *cert. denied*, 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979); *see also United States v. Burke*, 694 F.2d 632, 634 (9th Cir.1982). Matters of law are reviewed de novo. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ Defendant argues that 21 U.S.C. § 863 is unconstitutional because it is vague on its face. The Supreme Court, addressing this argument in *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n. 7, 102 S.Ct. 1186, 1191 n. 7, 71 L.Ed.2d 362 (1982), emphasized that a vagueness claim that does not implicate the First Amendment only prevails if the "enactment is vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensive normative standard, but rather in the sense that no standard of conduct is specified at all. Such a provision simply has *no core.*" *Id.* (citations and quotations omitted). The statute at issue here clearly has a core. Section 863(d) lists 15 different examples of items which would be considered "drug paraphernalia," while § 863(e) sets out eight factors to be considered in characterizing items as "drug paraphernalia." 21 U.S.C. § 863(d), (e). *See also United States v. Posters 'N' Things Ltd.*, 969 F.2d 652, 660 (8th Cir.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 1410, 122 L.Ed.2d 782 (U.S. 1993); *United States v. Schneiderman*, 968 F.2d 1564, 1568 (2d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1283, 122 L.Ed.2d 676 (Feb. 22, 1993).

## II

■ A statute is vague as applied if it either fails to "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly" or fails to "provide explicit

---

1. The overbreadth claim has no merit. The Supreme Court has held that there is no protected speech or expression implicated in this type of statute. *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 496–97, 102 S.Ct. 1186, 1192–93, 71 L.Ed.2d 362 (1982).

**972**

standards for those who apply them." *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972). Sandsness's claim of vagueness in application relates only to his enhancement for managerial status. He claims that the district court's determination that he was a manager was based on other sales of goods which Sandsness has not admitted were "primarily intended or designed" for drug use. 21 U.S.C. § 863(d). Since Sandsness did not concede that the goods sold in those other sales were "drug paraphernalia" (i.e. that they were "primarily intended or designed" for drug use), but argued that the goods also had innocent uses, he contends that the statute is vague as applied because his sentence was enhanced on the basis of sales of goods which were not necessarily drug paraphernalia.[2]

Other circuits addressing 21 U.S.C. § 863 have held that the statute is unconstitutionally vague unless it is read to incorporate a scienter element. *See Posters 'N' Things Ltd.*, 969 F.2d at 656–58; *Schneiderman*, 968 F.2d at 1568. We do not find it necessary on this record to reach out to resolve that issue, because we hold that the enhancement for managerial status is properly based on the one sale to which Sandsness pleaded guilty. The trial court found "by a preponderance of the evidence that the defendant, here, is responsible as a manager, not just of the store but of the sale" of drug paraphernalia. We have made clear that this type of enhancement is appropriate where there is only a single criminal transaction involved, *United States v. Carvajal*, 905 F.2d 1292, 1295 (9th Cir.1990) and where only two participants have been identified (as here). *United States v. Helmy*, 951 F.2d 988, 997 (9th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 2287, 119 L.Ed.2d 211 (1992); *United*

*States v. Anderson*, 942 F.2d 606, 615 (9th Cir.1991) (en banc); *Carvajal*, 905 F.2d at 1295.

The defendant in his plea noted that "[a]s manager, [he] was responsible for sales being made from and by the business." Sandsness had the requisite degree of control and organizational authority required for an upward adjustment as he controlled the stores, received the net income from the sale, and decided to stock the items sold. *See* U.S.S.G. § 3B1.1, comment. (n. 3) (listing factors relevant to deciding whether enhancement applies).

As the statute is neither vague on its face nor vague as applied with respect to the sentence enhancement, the sentence is

AFFIRMED.

---

**2.** Sandsness can only attack the statute for vagueness in application with regard to the sentence, not the conviction itself. We will not reinspect the merits behind the claim of vagueness in application generally because the defendant waived that issue by pleading guilty. As "a court may only consider a vagueness challenge on the facts of the case before it," *United States v. Ocegueda*, 564 F.2d 1363, 1365 (9th Cir.1977), the facts admitted in the guilty plea become of

central importance. *See United States v. Burke*, 694 F.2d 632, 634 (9th Cir.1982) (holding that defendant waived the vagueness in application claim because defendant's "guilty plea established the essential elements" of the violation). By pleading guilty to the knowing and intentional sale of drug paraphernalia in interstate commerce, defendant admits, essentially, that he was in the "core" of prohibited conduct. *Burke*, 694 F.2d at 634.