104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Lee ANDERSON, Defendant-Appellant.
 No. 96-35459.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Lee Anderson appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction for manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). Anderson contends that: (1) the government engaged in outrageous conduct; (2) his counsel was ineffective; and (3) the Drug Enforcement Administration (the "DEA") improperly retained money it received from Anderson. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the district court's denial of Anderson's motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Anderson contends that the government engaged in outrageous conduct by using a confidential informant to bring Anderson into the drug business.
 
 
 4
 By entering a guilty plea, Anderson waived his claim that the government engaged in outrageous conduct, and we therefore will not review the claim. See United States v. Sandsness, 988 F.2d 970, 971 (9th Cir.1993) (stating that "a guilty plea waives all nonjurisdictional defects and fact issues....").
 
 
 5
 Anderson contends that his counsel's ineffectiveness prevented him from challenging his indictment on the basis of outrageous government conduct. Anderson further contends that his counsel coerced him into entering a guilty plea.
 
 
 6
 Where a defendant enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether the defendant received effective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). In order to prevail on an ineffective assistance of counsel claim, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. A plea of guilty "normally rests on the defendant's own admission in open court that he committed the acts with which he is charged." McMann v. Richardson, 397 U.S. 759, 766 (1970).
 
 
 7
 Here, Anderson has failed to show that his counsel in any way coerced him to plead guilty. Moreover, he has not shown that he was prejudiced by any alleged failure on the part of his counsel to investigate the allegations of governmental misconduct. By pleading guilty, Anderson admitted to the crime with which he was charged. See id. Moreover, Anderson admitted in his presentence report that he committed the crime out of greed and he did not mention any government misconduct. Because Anderson has failed to show that his counsel's performance in any way affected his decision to plead guilty, his claim fails. See Hill, 474 U.S. at 59; see also Strickland v. Washington, 466 U.S. 687, 697 (1984) (reviewing court may dispose of ineffective assistance claim where petitioner has failed to show prejudice).
 
 
 8
 Finally, Anderson contends that the DEA has improperly retained money it allegedly received from him during the transaction for which he was convicted.
 
 
 9
 Because he does not allege a legal or constitutional error, a lack of jurisdiction, or that his sentence is in excess of that authorized by law, Anderson's claim is not cognizable in this collateral proceeding. See 28 U.S.C. § 2255 (1994); see also United States v. Wilcox, 640 F.2d 970, 972 (9th Cir.1981).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3