145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Brandon Gregg OBERLIN, Defendant-Appellant.
 No. 96-30322.
D.C. No. CR 94-60071-1-MRH.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1998.
Decided May 21, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Michael R. Hogan, Chief District Judge, Presiding.
 Before SKOPIL, HAWKINS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oberlin appeals his conviction for making unregistered "destructive devices," 26 U.S.C. § 5822, and for possessing firearms while a user of a controlled substance, 18 U.S.C. § 922(g)(3). He contends that the district court erred by: (1) denying his motion to suppress; (2) ruling that § 922(g)(3) is not unconstitutionally vague; (3) admitting prejudicial evidence; and (4) denying his motion for acquittal. We reject these contentions and we affirm.
 
 1. Motion to Suppress
 
 3
 Oberlin argues that statements made by an informer and used to secure the search warrant were knowingly false or made with reckless disregard for the truth. We do not need to determine whether the statements were false or reckless; we agree with the district court that "[t]he unchallenged portions of the affidavit alone are sufficient for probable cause." First, as the district court noted, the alleged misstatements did not involve material matters. Second, the information was corroborated by independent police investigation including other informants' statements. Thus, even if the challenged statements are redacted, there remains sufficient information to provide probable cause. See United States v. Johns, 948 F.2d 599, 602-603 (9th Cir.1991).
 
 
 4
 Oberlin also contends that the district court should have suppressed evidence seized from his vehicle. The affidavit and warrant, however, specifically included a vehicle. Moreover, even if the vehicle had not been included, it could be lawfully searched as long as it was located on the premises identified in the warrant. See United States v. Duque, 62 F.3d 1146, 1151 (9th Cir.1995).
 
 2. Constitutionality of § 922(g)(3)
 
 5
 Oberlin argues that the phrase "unlawful user" in § 922(g)(3) is impermissibly vague. We rejected that same argument in United States v. Ocegueda, 564 F.2d 1363, 1365-66 (9th Cir.1977) (reviewing predecessor statute). There, we held that the term "unlawful user" was not impermissibly vague and was intended by Congress "to keep firearms out of the hands of those not legally entitled to possess them...." Id. at 1365. We are not persuaded by Oberlin's arguments that Ocegueda is distinguishable, or that § 922(g)(3) violates other constitutional protections.
 
 3. Evidentiary Rulings
 
 6
 The government was required to prove that Oberlin intended to use the parts found in his apartment to create a destructive device for use as a weapon. See United States v. Lussier, 128 F.3d 1312, 1317 (9th Cir.1997); United States v. Fredman, 833 F.2d 837, 838-39 (9th Cir.1987). To do so, the government properly solicited expert testimony as to whether the component parts found in the apartment could produce a destructive device. Testimony regarding Oberlin's handwritten designs for such devices, and the significance of the manuals, literature, and lists of chemicals, were proper to show Oberlin's intent to create such a device. Similarly, evidence of Oberlin's ties to the white supremacist movement and his leadership role in the American Survivalist Front were admissible to prove motive and intent. See United States v. Skillman, 922 F.2d 1370, 1374 (9th Cir.1991). Finally, evidence of his previous possession of pipe bombs was properly admitted to prove both intent and ability to construct such devices. See United States v. Manning, 56 F.3d 1188, 1197 (9th Cir.1995).
 
 4. Sufficiency of the Evidence
 
 7
 Oberlin contends that the government failed to prove that the component parts could produce a destructive device and also failed to prove his intent to use such a device as a weapon. We reject both contentions. The government's expert evaluated the materials seized in Oberlin's apartment and offered his opinion as to their potential use. The expert expressed his opinion--based on these materials and the knowledge that Oberlin had in the past possessed pipe bombs--that Oberlin was engaged in the process of manufacturing destructive devices. Viewing the evidence in light most favorable to the government, see United States v. Riggins, 40 F.3d 1055, 1057 (9th Cir.1994), there was sufficient evidence presented to allow a jury to conclude that Oberlin intended to make destructive devices.
 
 
 8
 The government was also required to prove that Oberlin had the intent to use such destructive devices as weapons. See Fredman, 833 F.2d at 839; United States v. Reed, 726 F.2d 570, 576 (9th Cir.1984). The government asserts that it met its burden by introducing evidence of Oberlin's militaristic white supremacist associations, by evidence of Oberlin's prior possession of operable pipe bombs, together with his friend's testimony that Oberlin intended to mail the bombs to an individual who had "snitched" on them, and by testimony indicating that Oberlin had constructed a sixty-pound ammonium nitrate bomb that had been removed from his apartment after he had been tipped on the pending search. We agree that such evidence, when viewed in a light most favorable to the government, was sufficient. See United States v. Hedgcorth, 873 F.2d 1307, 1312 (9th Cir.1989).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3