**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David A. SIL, dba The Vault,
Defendant—Appellant.**

**No. 06–30342.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2007 *.

Filed Feb. 9, 2007.

Josh Van De Wetering, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Martin W. Judnich, Esq., Attorney at Law, Missoula, MT, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: BEEZER, FISHER and TALLMAN, Circuit Judges.

## MEMORANDUM **

We affirm David E. Sil's conviction for offering for sale drug paraphernalia in violation of 21 U.S.C. § 863. Our decision in *United States v. Sandsness*, 988 F.2d 970 (9th Cir.1993), forecloses Sil's argument that § 863 is unconstitutionally vague on its face. *Id.* at 971 (rejecting the vagueness argument because "[§ 863] clearly has a core"). Similarly, because Sil's business was substantially devoted to the sale of products that clearly constituted drug paraphernalia, we cannot say that § 863 is unconstitutionally vague as applied to the facts of this case. *See Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 515, 526, 114 S.Ct. 1747, 128 L.Ed.2d 539 (1994) (holding statute was not unconstitutionally vague as applied to defendant's case when defendant operated a "full-scale head shop," selling items such as "pipes, bongs, scales, roach clips, and drug diluents including mannital and inositol" (footnotes omitted)).

The district court properly denied Sil's motion for acquittal under Federal Rule of Criminal Procedure 29 because the government charged Sil individually and because the government proved that Sil, in his capacity as manager of The Vault, committed the crime defined in § 863. The evidence showed that Sil made the personnel decisions, managed the inventory, and collected and stored funds from sales made at The Vault. Moreover, during the trial,

one of The Vault's employees testified that Sil occasionally helped at the counter selling items. Thus, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could conclude that Sil offered these items for sale knowing that they were likely to be used with illegal drugs in violation of § 863.

Because § 863 is not a specific intent crime the district court properly refused to give Sil's proposed jury instruction. *See Posters 'N' Things, Ltd.*, 511 U.S. at 523, 114 S.Ct. 1747 (rejecting argument that 21 U.S.C. § 857 (1986) (now 21 U.S.C. § 863) requires the seller to act with the purpose that the items be used with illegal drugs).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

