NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30199 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00016-SEH-1 |
| v. | |
| DAVID HUGO WALKER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submission Deferred February 9, 2011
Submitted January 9, 2014[**]
Seattle, Washington

Before: TASHIMA,[***] PAEZ, and IKUTA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    Judge Tashima was drawn to replace Judge B. Fletcher, who died after submission was deferred.

David Hugo Walker was convicted of a federal sex crime in 1990 and sentenced to an initial term of 135-months imprisonment. He was subsequently placed on supervised release, which terminated in 2007, although his sex offender reporting requirements continued indefinitely. In 2010 Walker was convicted of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a), part of the Sex Offender Registration and Notification Act ("SORNA"). Walker appeals his 2010 conviction and raises three arguments. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** Walker argues that the district court should have dismissed the indictment because Montana had not implemented SORNA at the time of his alleged offense and therefore it was impossible for him to fail to register "as required by [SORNA]." 18 U.S.C. § 2250(a)(3). This argument is foreclosed by our recent decisions in *Elkins* and *Elk Shoulder*. *United States v. Elk Shoulder*, No. 10–30072, 2013 WL 5303242, at *5 (9th Cir. Sept. 23, 2013) (holding that "'the federal government's prosecution of an alleged violation of SORNA is not dependent on the individual state's implementation of the administrative portion of SORNA'" (quoting *United States v. Elkins*, 683 F.3d 1039, 1046 (9th Cir. 2012)). We therefore reject Walker's argument.

**2.** Walker next argues that Congress did not have the power to enact SORNA's registration requirements contained in 42 U.S.C. § 16913(a). This argument is similarly foreclosed by recent decisions of the Supreme Court and our court. *See United States v. Kebodeaux*, 133 S. Ct. 2496, 2500 (2013) (concluding that "the Necessary and Proper Clause grants Congress adequate power to enact SORNA and to apply it" to a defendant convicted of a federal sex crime who was subject to federal sex offender registration requirements at the time of SORNA's enactment in 2006); *Elk Shoulder*, 2013 WL 5303242, at *10 (recognizing that applying SORNA registration requirements to a previously convicted sex offender who was already subject to registration requirements is "'within the scope of Congress' authority'" (quoting *Kebodeaux*, 133 S. Ct. at 2505)). SORNA's registration requirements were lawfully applied to Walker because he was continuously subject to valid federal registration requirements following his release from prison in 1999. Thus, we reject this argument as well.

**3.** Finally, Walker argues that SORNA's requirement that a sex offender update his registration "in each jurisdiction where the offender resides," 42 U.S.C. § 16913(a), is unconstitutionally vague as applied to him. To survive a vagueness challenge, a law must "give reasonable notice so that citizens subject to it may conduct themselves accordingly." *United States v. Ocegueda*, 564 F.2d 1363, 1365

(9th Cir. 1977). To prevail, Walker must demonstrate that the provision "is impermissibly vague in the circumstances of this case." *Id*. Walker has not done so.

Although not a model of clarity, the statute defines the term "resides" as "the location of the individual's home or other place where the individual habitually lives." 42 U.S.C. § 16911(13). The Attorney General has issued further guidance defining "habitually lives" as "any place in which the sex offender lives for at least 30 days . . . . Jurisdictions may specify in the manner of their choosing the application of the 30-day standard to sex offenders whose presence in the jurisdiction is intermittent but who live in the jurisdiction for 30 days in the aggregate over some longer period of time." Office of the Attorney General, The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38,030, 38,062 (July 2, 2008).

Walker was convicted for staying at the Banjo Hill home without registering at that address. It is undisputed that Walker lived at the Banjo Hill home for more than 30 days over the course of seven months. Moreover, Walker does not dispute that he was required, under Montana state law, to register at that address. Additionally, the statute of conviction, § 2250(a), requires that Walker "knowingly" failed to register as a sex offender. *See United States v. Wyatt*, 408

F.3d 1257, 1261 (9th Cir. 2005) ("A scienter requirement can help a law escape a vagueness problem."). In sum, we conclude that a person "of ordinary intelligence" in Walker's situation would have been aware of the need to register at the Banjo Hill address. *Ocegueda*, 564 F.2d at 1365.

**AFFIRMED.**