**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10245 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00328-KJD-NJK-1 |
| v. | |
| GLEN HUNSBERGER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted October 4, 2019
San Francisco, California

Before: PAEZ and COLLINS, Circuit Judges, and CHOE-GROVES,** Judge.
Concurrence by Judge COLLINS

Defendant-Appellant Glen Hunsberger appeals his guilty plea conviction of

conspiracy to possess with intent to distribute a controlled substance within 1,000

feet of a protected area in violation of 21 U.S.C. §§ 841, 846, and 860. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

jurisdiction under 28 U.S.C. § 1291 and affirm.

As a preliminary matter, the government seeks dismissal of Hunsberger's appeal on the basis of the appellate waiver in his plea agreement. Because Hunsberger is challenging the constitutionality of his offense of conviction, the waiver will not apply if his challenge is successful. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (observing that a waiver of appellate rights will not apply if a defendant's sentence is "illegal," which includes a sentence that "violates the Constitution"). We therefore examine the merits of his constitutional claim.

Hunsberger challenges his conviction on as-applied vagueness grounds.[1] A statute is unconstitutionally vague if it fails to "give people 'of common intelligence' fair notice of what the law demands of them." *United States v. Davis*, 139 S. Ct. 2319, 2325 (2019). The principal question is "whether the text of the statute and its implementing regulations, read together, give ordinary citizens fair notice with respect to what the statute and regulations forbid, and whether the statute and regulations read together adequately provide for principled enforcement

---

[1] In his opposition to the government's motion to dismiss the appeal, Hunsberger requested "permi[ssion] to also make a facial vagueness challenge[.]" This argument is foreclosed by *Kashem v. Barr*, 941 F.3d 358, 377 (9th Cir. 2019) (holding that—absent "exceptional circumstances"—vagueness challenges to statutes not implicating the First Amendment must be considered on an as-applied basis). We therefore do not address it.

by making clear what conduct of the defendant violates the statutory scheme."
*United States v. Zhi Yong Guo*, 634 F.3d 1119, 1122–23 (9th Cir. 2011).

For an as-applied challenge, the answer to that question must be made "in the light of the facts of the case at hand." *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013) (quoting *United States v. Mazurie*, 419 U.S. 544, 550 (1975)). Accordingly, for challenges raised after a conviction by a guilty plea, "the facts admitted in the guilty plea become of central importance." *United States v. Sandsness*, 988 F.2d 970, 972 n.2 (9th Cir. 1993) (citing *United States v. Burke,* 694 F.2d 632, 634 (9th Cir. 1982)).

Hunsberger bases his particular vagueness claim upon the interaction of the drug conspiracy statute, 21 U.S.C. § 846, and the protected area statute, 21 U.S.C. § 860. The drug conspiracy statute punishes those who "conspire[] to commit" a federal drug offense, including section 841(a), "the commission of which was the object of the . . . conspiracy." 21 U.S.C. § 846. The protected area statute, on the other hand, has no such *mens rea* requirement. *United States v. Pitts*, 908 F.2d 458, 461 (9th Cir. 1990) (holding that strict liability is the relevant *mens rea* standard for distribution of drugs within a protected area).

Read in concert, the statutes Hunsberger challenges prohibit entering into an agreement to distribute drugs within 1,000 feet of a protected area. Our case law makes clear that conspiracy charges require no greater *mens rea* showing than the

3

offense which was the object of the conspiracy, even when that target offense was one of strict liability. *See United States v. Feola*, 420 U.S. 671, 684 (1975); *United States v. Hubbard*, 96 F.3d 1223, 1229 (9th Cir. 1996); and *United States v. Baker*, 63 F.3d 1478, 1493 (9th Cir. 1995). These sources inform our vagueness analysis. *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1348 (9th Cir. 1984).

The facts which Hunsberger admitted in support of his guilty plea effectively foreclose his as-applied challenge. In his plea agreement, Hunsberger admitted to personally aiding in the distribution of heroin within 1,000 feet of a school. Hunsberger further admitted that he knew his conduct was illegal. These factual admissions established the substantive distribution offense, not just the conspiracy. That he did not know he acted within 1,000 feet of a school is of no legal significance. *Pitts*, 908 F.2d at 461. Hunsberger had "fair notice of what the law demand[ed] of" him. *Davis*, 139 S. Ct. at 2325.

Thus, there is no merit to Hunsberger's as-applied vagueness challenge to his statutes of conviction. Accordingly, Hunsberger's sentence is not "illegal" and does not void his appellate waiver. *United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

**DISMISSED**.

4

FILED

AUG 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COLLINS, Circuit Judge, concurring in the judgment:

I agree that Hunsberger's appeal should be dismissed as barred by the appellate waiver in his plea agreement, but in reaching that conclusion I would not address the merits of Hunsberger's "as-applied vagueness challenge to his statutes of conviction." *See* Memo. Dispo. at 4. Despite Hunsberger's invocation of the "vagueness" label, at bottom his argument is not a constitutional one, but purely a statutory one: how should the statute defining the crime of drug trafficking committed within 1,000 feet of a school, 21 U.S.C. § 860, be applied in the context of a *conspiracy* to engage in drug trafficking, 21 U.S.C. § 846? Hunsberger presents a non-frivolous argument that, when these two statutes are read together, the resulting scienter element requires a showing that the defendant "must have *known* and *intended* not only to distribute a controlled substance, but *known* and *intended* to do so within 1,000 feet of a protected area." Regardless of whether this argument is correct or not,[1] there is simply no basis for suggesting that it cannot be answered by reference to ordinary methods of statutory interpretation, including application of relevant canons of construction. As a result, Hunsberger's "constitutional" vagueness challenge to his conviction and sentence is entirely

---

[1] The majority concludes that it is incorrect. *See* Memo. Dispo. at 4 ("That he did not know he acted within 1,000 feet of a school is of no legal significance.").

frivolous and provides no basis for evading his appeal waiver. Because

Hunsberger disclaims on appeal any other challenge to his guilty plea, his appeal

should have been dismissed without addressing the merits of his statutory

construction argument. I therefore concur only in the judgment.