**UNITED STATES of America, Plaintiff,**

v.

**Darrick D. REED, Defendant.**

No. 95–10076–01.

United States District Court,
D. Kansas.

April 12, 1996.

---

Deb Barnett, Asst. U.S. Attorney, Wichita, KS, for plaintiff.

Kurt P. Kerns, The Law Offices of Leslie F. Hulnick, P.A., Wichita, KS, for defendant.

### MEMORANDUM AND ORDER

MARTEN, District Judge.

Darrick D. Reed was indicted on six counts of possession of firearms or ammunition by an unlawful user of marijuana in violation of 18 U.S.C. § 922(g)(3), one count of unlawful possession of marijuana in violation of 21 U.S.C. § 844(a), and one count of possession of an unregistered, loaded shotgun with a barrel length of less than 18 inches, in violation of 26 U.S.C. §§ 6851(d) and 5871. Reed has moved to dismiss the counts alleging possession of a firearm or ammunition by an unlawful user of marijuana on the basis that the term unlawful "user" is unconstitutionally vague.[1]

## I. THE FACTS.

The United States asserts the following factual basis for the 18 U.S.C. § 922(g)(3) counts:

*Count 1.* On July 11, 1993, Reed was arrested for outstanding traffic warrants. A search of the automobile Reed was driving revealed a small bag of marijuana and a loaded handgun under the driver's seat.

*Count 2.* On February 5, 1994, Reed was arrested for driving on a suspended license. A search of the vehicle revealed a loaded handgun.

*Count 3.* On November 25, 1994, Reed entered an automobile that contained a firearm. He had a bag of marijuana in his coat pocket. Reed told an officer he intended to consume the marijuana.

*Counts 5 and 6.* On April 2, 1995, Reed had ammunition in his pocket while standing next to a vehicle which contained a loaded handgun.

*Count 7.* On April 29, 1995, Reed was in the passenger seat of a vehicle when it was stopped by police. A strong odor of marijuana emanated from the car. Marijuana was found in the console and a loaded handgun was found in the area of the front passenger seat.

There is no direct evidence proffered by the government that Reed consumed any marijuana by inhalation at any time. Furthermore, the court must note, with regard to the final § 922(g)(3) count, the record before the court is unclear whether the "strong odor" of marijuana allegedly detected by the police officers refers to the pungent odor naturally exuded by marijuana vegetable matter, or the separate odor of marijuana smoke. Unlike the proffer made as to the other § 922(g)(3) counts, there is no suggestion here that the marijuana located in the car was in a sealed baggie. There is no indication that the police located any residue of smoked marijuana cigarettes or other marijuana paraphernalia from the car.

---

1. Reed also filed motions to suppress a statement given prior to a *Miranda* warning, to suppress evidence of prior wrongs, and for discovery, which have been resolved by agreement with the government. Those motions are hereby deemed withdrawn. The parties have also entered into a conditional plea agreement pursuant to Fed. R.Crim.P. 11.

## II. THE STATUTE.

18 U.S.C. § 922(g)(3) (Supp.1996) provides:

(g) It shall be unlawful for any person—

. . . .

(3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));

. . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## III. THE STANDARDS.

Reed alleges that § 922(g)(3) is unconstitutionally vague as applied to him because "unlawful user," unlike "addicted to," is not defined.[2] Reed also alleges that § 922(g)(3) violates the equal protection component of the Fifth Amendment because it discriminates against persons who have unlawfully used marijuana without regard to their present mental status and without any rational basis.

■ A penal statute is impermissibly vague if the statute either fails to define the offense sufficiently so that "ordinary people can understand what conduct is prohibited," or if it fails to provide "minimal guidelines to govern law enforcement," thereby inviting arbitrary action by the government. *Kolender*, 461 U.S. at 357, 358, 103 S.Ct. at 1858. *See also United States v. Easter*, 981 F.2d 1549, 1557 (10th Cir.1992), *cert. denied*, 508 U.S. 953, 113 S.Ct. 2448, 124 L.Ed.2d 665 (1993). A vague statute offends fundamental notions of fairness by failing to give adequate warning of what is prohibited to persons of ordinary intelligence, and by giving impermissible discretion to governmental authori-

ties to enforce the law arbitrarily and subjectively. *See Jane L. v. Bangerter*, 61 F.3d 1493, 1500 (10th Cir.1995), *pet'n for cert. filed*, 64 U.S.L.W. 3561 (Feb. 5, 1996) (quoting *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982)).

■ At the outset, the court notes it cannot consider Reed's facial challenge to the statute. First, the statute does not threaten to chill constitutionally protected conduct. See *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). Second, Reed is not bringing a pre-enforcement challenge. *See Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497, 102 S.Ct. 1186, 1192–93, 71 L.Ed.2d 362 (1982). Outside the context of actions protected by the First Amendment, a challenge to a criminal statute on vagueness grounds must be examined in light of the facts of a given case. *United States v. Meraz–Valeta*, 26 F.3d 992 (10th Cir.1994). Thus, the court will consider the constitutionality of the statute solely as it applies to Reed in the factual context asserted by the government. *United States v. Gaudreau*, 860 F.2d 357, 360–61 (10th Cir.1988) (citing *Kolender*, 461 U.S. at 357, 103 S.Ct. at 1858, and *Hoffman Estates*, 455 U.S. at 497, 102 S.Ct. at 1192–93); *United States v. Ocegueda*, 564 F.2d 1363, 1365 (9th Cir.1977).

## IV. ANALYSIS.

The starting point is the statutory language. What did Congress mean by the phrase, "is an unlawful user"? This phrase draws meaning from its context, much like the word "use" in 18 U.S.C. § 924(c).[3] *See Bailey v. United States*, —— U.S. ——, ——–——, 116 S.Ct. 501, 505–06, 133 L.Ed.2d 472 (1995). Accordingly, the statute and the sentencing scheme must be examined in order to determine the meaning Congress intended for the phrase, "is an unlawful

---

2. "Addict" is defined in 21 U.S.C. § 802(1) as:

[Any] individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction.

3. Section 924(c)(1) (Supp.1996) provides in relevant part:

Whoever, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, . . .

user," and whether the charges against Reed reasonably fall within that meaning. *Bailey,* — U.S. at ——–——, 116 S.Ct. at 505–06.

The United States contends 18 U.S.C. § 922(g)(3) requires the government to establish proximity in time between defendant's possession of marijuana and possession of the firearms, which, when coupled with defendant's claim that he is an "addict," is sufficient to bring defendant within the purview of the statute. The government also notes defendant is really raising an issue of proof.

However well taken those points might be, they do not touch upon the central issue the court must address. Simply put, did the statute in question provide sufficient notice to Mr. Reed that he was engaged in criminal behavior?

The United States acknowledges it has no direct evidence Mr. Reed was "using" unlawful drugs at the time of any of his arrests, but seeks to infer "use" from "possession." The only count which ties defendant to any active "use" is count 7, in which the smell of marijuana came from the car.

The government also points to Reed's claim on at least one occasion he was "addicted" to marijuana, or was an "addict," as further support for his being an "unlawful user". We note first Reed is charged not as an "addict," but as an unlawful user. Second, whether Reed is an addict or not is the kind of issue which typically would turn on expert testimony. *See United States v. Yarbough,* 55 F.3d 280 (7th Cir.1995). Third, wholly apart from defendant's self-diagnosis, there is no indication that Reed has a single conviction for illegal drug use predating any of his arrests in this case.

The charges against Reed are not based on his being a "past user" of marijuana, but on his being a "current user" of marijuana. The United States concedes that the statute covers only persons who used marijuana during the time period the person possessed a firearm, noting that the statute applies to any person who "*is* an unlawful user" and not "*was* an unlawful user." In fact, other circuits have held that under 18 U.S.C. § 922(g)(3), or its predecessor, 18 U.S.C. § 922(h)(3), the unlawful use must occur while the accused is the possessor of the firearm, although not necessarily at the same moment. *United States v. McIntosh,* 23 F.3d 1454, 1458 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 333, 130 L.Ed.2d 291 (1994). *See also United States v. Corona,* 849 F.2d 562, 567 (11th Cir.1988), *cert. denied,* 489 U.S. 1084, 109 S.Ct. 1542, 103 L.Ed.2d 846 (1989) (previous statute); *Ocegueda,* 564 F.2d at 1366 (previous statute).

Section 922(g)(3) is part of comprehensive gun control legislation intended to keep firearms out of the hands of those Congress deem incapable of safely possessing them because of age, criminal background, or incompetence. See *Ocegueda,* 564 F.2d at 1365 (previous statute). However, a facial examination of the statute provides no time frame in which "use" must occur in order for someone to be an "unlawful user". In other words, the statute does not indicate that point in time when someone who *is* an unlawful user, and subject to the statute, becomes someone who *was* an unlawful user, and not subject to the statute.

This court's examination of the case law is of no assistance in finding an appropriate time frame in this case. Here Reed is not charged as an "addict," but only as an "unlawful user." The defendants in *McIntosh* and *Corona* were charged as "unlawful users or addicts." *McIntosh,* 23 F.3d at 1458 (emphasis added); *Corona,* 849 F.2d at 567 (emphasis added).

It is unclear whether the defendant in *Ocegueda* was charged as an unlawful user or addict. *Ocegueda* held that the defendant's prolonged use of heroin, occurring before, during and after the period of gun purchases, presented a situation where the phrase "unlawful user" could not be considered vague, but noted that if the use had been infrequent and in the distant past, the court would have been faced with an "entirely different vagueness challenge." 564 F.2d at 1366.

■ For purposes of determining whether Reed was placed on adequate notice of potentially unlawful behavior, the applicable counts can be classified into three groups. In count 7, the government's factual allegations might

support a finding that Reed used marijuana while in possession of a firearm. In counts 1 and 3, the government alleges Reed simultaneously possessed marijuana and a firearm; no indication of use at the time of the arrest is alleged. In counts 2, 5, and 6, Reed allegedly possessed a firearm or ammunition, with no indication of use or possession of marijuana at the time of the arrest.

While Congress may well have intended to cast a net over a far wider area, there is no question but that it clearly intended § 922(g)(3) to prohibit possession of a firearm concurrent with the use of marijuana. The allegation that a strong odor of marijuana emanated from the vehicle might support an inference that Reed was using marijuana concurrent with possession of a firearm. Therefore, Reed's motion to dismiss count 7 of the indictment should be denied. The statute provided Reed with fair notice that this was prohibited conduct. *See McIntosh.*

For counts 1 and 3, the issue is whether § 922(g)(3) means that someone who *possesses* marijuana and has claimed to be an addict can be convicted as a user of marijuana in possession of a firearm. In other words, must one inhale while possessing a gun in order to violate the "user" prong of the statute, or is possession and a history of use enough? More to the point, does the statute give Reed sufficient notice to pass constitutional muster?

*Bailey, supra,* provides guidance. In *Bailey,* the Supreme Court rejected a broad interpretation of 18 U.S.C. § 924(c)(1), which would have permitted evidence of the proximity and accessibility of a firearm to drugs or drug proceeds alone to support a conviction for "use" of a firearm during and in relation to a drug trafficking offense. The Court first rejected the suggestion that mere possession of a firearm constituted "use" because Congress prohibited "possession" in other places in the statute. If Congress had intended to prohibit possession, the Court noted, it could have used the term "possess" or "possession." The Court also rejected a broad meaning for the word "use" because it would have made the word "carry" redundant, where the statute applied to anyone who "uses or carries" a firearm. The word "use" required "active employment" of the firearm. *Bailey,* —— U.S. at ——– ——, 116 S.Ct. at 506–07.

In enacting § 922(g)(3), Congress could have prohibited possession of a controlled substance while in possession of a firearm, but did not do so. Where Congress desires to prohibit possession of controlled substances, it explicitly prohibits possession. *See, e.g.* 21 U.S.C. § 841; 21 U.S.C. § 844. As in *Bailey,* the meaning of "user of" in § 922(g)(3) cannot be interpreted to support a violation based on possession alone; "use" of the controlled substance must be alleged.

Nor can a violation as a "user of" a controlled substance be supported by evidence of addiction alone. This leaves no room for any meaning for the phrase "or addicted to" a controlled substance in the statute, just as an expansive reading of "use" left no room for any meaning to "carries" in § 924(c)(1). *See Bailey.* Accordingly, counts 2, 5, and 6, which are based only upon Reed's admission that he was an addict, which is a questionable conclusion in and of itself, must be dismissed.

However, for counts 1 and 3 there is evidence of both possession of a controlled substance while in possession of the firearm and a claim of addiction during the relevant time period. This is circumstantial evidence from which a jury could infer that Reed "used," i.e., actively employed or inhaled, marijuana while in possession of firearms. As noted previously, Reed's claim that he is an addict does not mean that he met the legal definition of an addict. Even if Reed does meet the definition of an addict, he has not been charged as an addict, and the allegations are insufficient to establish the concurrent use of marijuana and possession of a firearm.

The problem with counts 1 and 3 is that possession of marijuana and Reed's claim that he is an addict do not establish a time frame of usage. In count 7, the smell of marijuana coming from the car provides the critical indication of concurrent use of marijuana and possession of a firearm. In counts

1 and 3, the absence of some indication of concurrent use and possession, such as the smell of marijuana or behavior which would indicate Reed was using, makes it impossible to establish the time frame of use of marijuana in relation to the possession of the firearm. Thus, it is impossible for Reed to determine whether or not his conduct would come within the purview of the statute. Accordingly, Reed's motion to dismiss counts 1 and 3 must be granted.

Had Reed been charged under both the "user of" and "addict" statutory prongs, counts 1 and 3, as well as counts 2, 5, and 6, might have survived, a question the court need not reach today.[4] In addition, the fact that Reed admitted he intended to consume the marijuana found in his possession in count 3 makes no difference. Intent to be a user does not make Reed a user.

To summarize, through its factual basis for the charges, the United States is urging this court to interpret the meaning of "is an unlawful user" in § 922(g)(3) so broadly that Reed would not be fairly appraised that his conduct fell within the prohibitions of the statute, with the exception of the conduct forming the basis for count 7. In other words, application of the statute to Reed in counts 1, 2, 3, 5, and 6 is unconstitutional on vagueness grounds.

IT IS ACCORDINGLY ORDERED this 12th day of April, 1996, that defendant Reed's motion to dismiss is granted as to counts 1, 2, 3, 5, and 6 because the statute, as the government seeks to apply it to Reed, is unconstitutionally vague. The motion is denied as to count 7.

---

**4.** As noted above, *McIntosh* and *Corona* are distinguishable on the basis that those defendants were charged in the alternative.