**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

v.

DERRICK D. REED,

      Defendant-Appellee.

No. 96-3171

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 95-10076-01)**

---

Lanny D. Welch, Assistant U.S. Attorney, Wichita, Kansas (Jackie N. Williams, United States Attorney for the District of Kansas, and Lisa Simotas, Attorney, Department of Justice, Washington, D.C., with him on the brief), for Plaintiff-Appellant.

Kurt P. Kerns (Aronda Strutt Kerns, with him on the brief), Wichita, Kansas, for Defendant-Appellee.

---

Before **PORFILIO, HOLLOWAY** and **ANDERSON,** Circuit Judges.

---

**HOLLOWAY,** Circuit Judge.

---

    This is an appeal by the government under 18 U.S.C. § 3731 from the district court's

order dismissing five counts of an eight-count indictment. The counts challenged in the defendant's motion to dismiss were based on 18 U.S.C. § 922(g), which provides, in pertinent part:

> It shall be unlawful for any person -- . . . (3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . .

Each of these counts alleged that Reed had possessed a weapon (or in one count, ammunition) and that he "is an unlawful user of a controlled substance, that is Marijuana, a Schedule I controlled substance . . . ."

The district court determined that the statute, as applied to the government's proffer of evidence concerning five of the six counts based upon that statute, was unconstitutionally vague. *United States v. Reed*, 924 F. Supp. 1052 (D. Kan. 1996). We conclude that the district court erred in treating defendant's motion to dismiss as an "as applied" challenge when the motion clearly raised only an invalid facial attack. We also conclude that the district court erred in using the government's mere proffer of evidence as a foundation on which the application of the statute could be analyzed and the vagueness challenge could be determined. Accordingly, we reverse, but without prejudice to defendant's right to raise a vagueness challenge at the proper time.

2

## I

Defendant Reed was indicted on eight counts. Counts 1, 2, 3, 5, 6, and 7 of the Indictment alleged violations of 18 U.S.C. § 922(g), as noted above. Defendant moved to dismiss these counts on the basis that the statute was unconstitutionally vague. The motion clearly raised only a facial challenge to the statute, and of course at that stage of the proceedings defendant was not able as a practical matter to attack the statute in any other way. Although under no obligation to do so, the government in its written response to the defendant's motion set out a summary of the facts it expected to be able to prove at trial. App. at 12-14. The following recitation is based on the government's submission to the district court.

On July 11, 1993, defendant was pulled over on a traffic stop. The officer determined that an arrest warrant based on unpaid traffic fines was outstanding and arrested defendant. A search of the car revealed a small baggie of marijuana and a loaded pistol under the driver's seat. Count 1 alleged that defendant, a user of unlawful drugs, was in possession of a firearm in violation of section 922(g) based on this incident.

On February 5, 1994, defendant was arrested after a routine traffic stop because his license had been suspended. A loaded pistol was found in the car. This incident was the basis of Count 2, which also alleged a violation of section 922(g).

On November 25, 1994, an officer writing parking tickets observed a pistol on the floorboard of a parked car. Because transporting a gun in this manner violated a city

ordinance, the officer watched the car. Defendant was arrested when he entered the car. In the subsequent search, the officer found a baggie of marijuana in defendant's pocket. This incident formed the basis of Count 3, another alleged violation of section 922(g).

Count 4 was a simple possession of marijuana charge, which was not a subject of the motion to dismiss. While being chased by officers, on January 15, 1995, defendant allegedly threw a baggie of marijuana from the window of a car.

On April 2, 1995, the police received a "suspicious person" phone call naming defendant. On arriving at the scene, officers found defendant standing next to a car. Defendant had ammunition on his person, and a loaded gun was seen in plain view in the car. This arrest led to Counts 5 and 6, alleging separate violations of section 922(g) for the gun and the ammunition.

On April 29, 1995, defendant was in the front passenger seat of a car which also contained several other persons when the police stopped the car. The officer reported smelling a strong odor of marijuana. Some marijuana was found in the console between the front seats, and a loaded gun was found in the front seat passenger area. Count 7, based on this arrest, was the only count subject to the motion to dismiss which the district judge refused to dismiss. Count 8, not subject to the motion to dismiss, charged the possession of a sawed-off shotgun in May 1995.

## II

In his analysis of the motion to dismiss, the district judge first noted that the defendant's vagueness challenge was to be examined in light of the particular facts, there being no First Amendment implication in the statutory prohibition. 924 F. Supp. at 1054 (citing *United States v. Meraz-Valeta*, 26 F.3d 992 (10th Cir. 1994)). The central question, the judge reasoned, was whether the statute provided sufficient notice to Reed that he was engaged in criminal behavior. The government conceded below, as it does on appeal, that there must be some proximity in time between drug use and weapon possession. The statute prohibits possession of a weapon by one who "is" a user, not one who "was" a user. Yet, the district judge reasoned, the statute on its face provides no guidance as to how nearly contemporaneous the two elements must be. As the court put it, "The statute does not indicate that point in time when someone who *is* an unlawful user, and subject to the statute, becomes someone who *was* an unlawful user, and not subject to the statute." 924 F. Supp. at 1055.

To determine if defendant had sufficient notice for the statute to pass muster, the court considered the six challenged counts in three groups. The court concluded that Count 7 passed constitutional muster, because the allegations indicated that the government might be able to prove contemporaneous marijuana use and possession of a gun. *Id.* at 1056. In Counts 1 and 3, the court noted, defendant was alleged to have simultaneously *possessed* marijuana and weapons, although there was no indication of contemporaneous *use* of the

5

marijuana. Finally, the judge noted that in Counts 2, 5, and 6, defendant allegedly possessed a firearm or ammunition, but there was no indication of either possession or use of marijuana at the time of those arrests.

As to Counts 1 and 3, the court determined that Congress could have outlawed mere possession but chose not to do so. The judge found that mere possession did not establish a time frame for usage, and thus that it would have been impossible for defendant to know whether or not his conduct was prohibited. Accordingly, the judge held that the statute was fatally vague as to those counts. The other three counts arose from arrests for possession of a weapon with no concurrent possession of marijuana. For the same reasons that concurrent possession was insufficient to determine a time frame for usage, the statute was held to be unconstitutionally vague as to these counts.

### III

The doctrine of vagueness arises from principles of due process.

> It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

*Grayned v. City of Rockford*, 408 U.S. 104, 108-109 (1972).

Notwithstanding the important values protected by the vagueness doctrine, as the district judge correctly recognized the doctrine's application is limited when invoked in a context such as this which does not implicate First Amendment values. A vagueness challenge in this context cannot be aimed at the statute on its face but must be limited to the application of the statute to the particular conduct charged. *See, e.g., United States v. Powell*, 423 U.S. 87, 92 (1975); *United States v. Mazurie*, 419 U.S. 544, 550 (1975); *United States v. Ocegueda*, 564 F.2d 1363, 1365 (9th Cir. 1977) (applying the rule to the predecessor of section 922(g)).[1] We think the district judge's attempt to apply the statute to the facts of this case within the strictures of the vagueness doctrine suffered from a fundamental flaw, however.

We hold that it was error to consider the challenge at the preliminary stage of the proceedings, as was done here. We recognize that it was the government's considered decision to submit a proffer of its evidence rather than simply urging the court to reject what was, in the beginning, clearly an invalid facial challenge. We are also mindful that Reed's counsel has never taken any issue with the government's proffer. It is understandable then, that the judge took the government's submission as establishing what were essentially undisputed facts. Nevertheless, the government's proffer was merely that, and in summary form as well. We conclude that such a sensitive and fact intensive analysis as that

---

[1]This is so except in those rare instances where a legislature has enacted a statute which is so totally vague as to "proscribe[] no comprehensible course of conduct at all." *United States v. Powell*, 423 U.S. 87, 92 (1975).

7

undertaken by the district court should be based only on the facts as they emerge at trial.

An examination of the government's written and oral submissions in the court below provide one illustration of the importance of this principle. In oral argument in the district court, the government stated that defendant Reed had, at the time of his arrest on the incident charged in Count 3, told the arresting officer that he had intended to go home and smoke the marijuana which had been found in his possession. The government's written submission had made no mention of this evidence. We as the reviewing court have no way to determine whether this statement would ultimately be admissible at trial. Thus, the crucial factual context against which the statute is to be judged is not entirely certain. And we believe that this single instance is not an isolated problem but rather is indicative of the faulty premise on which the district court's analysis was built.[2] A proffer is not evidence, *ipso facto*. Although the defendant did not dispute any elements of the government's proffer, neither did he stipulate to any facts, as far as the record reveals. The government's evidence at trial may provide more or less to support the inference that the government must rely on -- that Reed not only possessed marijuana on several occasions but that he also used it. Similarly, the evidence actually admitted at trial may also provide a more certain framework for the district court to consider a construction of the statute which would satisfy the judge's quite valid

---

[2]One other example of the inherent uncertainty of what the evidence at trial actually might be appears. In his opinion, the district judge makes reference to a statement allegedly made by the defendant at some time that he was addicted to marijuana. 924 F.Supp at 1055. The judge never ruled whether evidence of this statement would be admissible, and the record discloses nothing at all about the circumstance of the alleged statement.

concern that "the statute provides no time frame in which 'use' must occur in order for someone to be an 'unlawful user.'" 924 F. Supp. at 1055.

That is to say, the district judge evidently concluded that even if some "use" of marijuana could be inferred from defendant's possession of the drug on the occasions charged, the application of the statute to the defendant is still less than ideally clear, because of the undefined term "user" and in light of the government's quite reasonable concession that the term must connote some temporal element. We must caution, however, that on remand the proper way to deal with this problem is to consider whether the statute is susceptible of a construction which would avoid the vagueness problem, rather than to declare the statute void as to defendant. *See Screws v. United States*, 325 U.S. 91, 98, 103-04 (1945) (plurality opinion). We think it apparent that section 922(g) may be susceptible of such a construction, as has been held. *United States v. Ocegueda*, 564 F.2d at 1365-66 (predecessor statute). We mention this because on remand the district court may be required to undertake this task in connection with a motion for a judgment of acquittal or in deciding upon proper instructions to be given to the jury. We express no opinion on how the statute should be construed. We believe that, consistent with our views expressed herein, it is necessary that the evidence in the case be presented before the task of statutory construction can be properly completed.

The order of the district court is **REVERSED** and the case is **REMANDED** for further proceedings in conformity with the views expressed herein.

9