**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CARL G. TERRELL,

    Defendant-Appellant.

No. 98-3091
(D.C. No. CR-97-10061-01)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, Circuit Judge, **BALDOCK**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

Carl G. Terrell ("Terrell") was convicted by a jury of multiple drug and drug related offenses and was sentenced to imprisonment for 120 months on each count, all to be served concurrently. Terrell appeals his conviction and sentence, and perhaps his principal ground for reversal is the district court's denial of his pretrial motion to suppress.

The underlying facts are not in any real dispute. On April 1, 1997, at about four

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

o'clock a.m., Officer Odelia Gamboa ("Gamboa"), an employee of the Wichita, Kansas Police Department, was on routine patrol in the northeast section of Wichita, Kansas. Gamboa was driving solo in her patrol car in a southerly direction on North Piatt Street at its intersection with 15th Street. At that point in time, she noticed a vehicle approaching from the opposite direction on Piatt Street, i.e., proceeding northward on Piatt Street, at a very slow rate of speed down the middle of Piatt Street. Gamboa responded thereto by pulling her patrol car to the right hand side of Piatt and turning off her headlights. As stated, the oncoming vehicle was traveling down the middle of the street, though there were no obstructions, such as parked cars, debris or the like on the east side of Piatt. Gamboa thought the driver stopped well beyond a stop sign located at the crosswalk of the 1300 block of Piatt, and was still in the middle of the street. As the other vehicle passed her patrol car, Gamboa stated that the driver of the other car drifted directly toward her patrol car, and then swerved back to the center of the street and continued on. At that point in time, Gamboa, believing that the driver of the other vehicle might be experiencing some type of driving impairment, decided to stop the vehicle. After calling for "back-up," Gamboa caused the other driver to stop his car.

As Gamboa approached the stopped vehicle, Officer Paul Kimble ("Kimble") arrived, who was in the area and had responded immediately to Gamboa's call for back-up. Gamboa observed that the driver was not wearing a seat belt. She asked the driver for his driver's license, and he, according to Gamboa, just stared at her and initially made

no effort to produce his license, but then suddenly reached in his back pocket and handed over his license. When the driver produced the license, he was identified as Terrell. Gamboa then asked Terrell if he had been drinking and he again just stared at her as if confused. After repeating her inquiry, Terrell stated that he had consumed one beer. Gamboa next asked Terrell to step out of his car in order to investigate for a possible driving under the influence violation. Terrell responded in a loud and argumentative voice, according to Gamboa, that he would not. Kimble, who had been on the other side of the vehicle, heard Terrell's response, and came around to join Gamboa next to the vehicle's driver's side. As Gamboa attempted to open the car door, Terrell pulled the door shut and drove off down the street. After driving about 15 to 20 feet from Gamboa and Kimble, Terrell stopped his car, leaned out the window, made a threatening gesture towards them, and then drove off at a high rate of speed.[1]

A high speed chase quickly developed with Gamboa and other officers in hot pursuit. The chase lasted for some 27 minutes and ended when Terrell drove his vehicle into an open field outside the city limits in rural Butler County. During the chase, Terrell approached speeds of over 100 miles per hour, failed to stop at several stop signs and stoplights, drove on the wrong side of several ramps, and the like.

Terrell's vehicle came to a stop in an open field and he abandoned the vehicle on foot. Moments later he was found hiding in some brush next to the field. At the time of

---

[1]At trial Kimble confirmed Gamboa's testimony in this regard.

his arrest, the officer found an empty holster on his person looped through his pants. They also found a loaded .44 caliber revolver, a 9 mm semi-automatic handgun and two fully loaded ammunition clips in the brush near where Terrell had been arrested. In that same area, the officers also found a bag containing crack cocaine. A set of Ford keys, which fit the ignition of the Ford Taurus Terrell had been driving, was also found in close proximity to the place where Terrell was arrested, and where the guns and crack cocaine were discovered. On Terrell's person, the officer found in a clear plastic baggie $720.00 in U.S. currency, and in his wallet they found an additional $300.00.

Shortly thereafter, Terrell's car was searched, and the officers found a loaded pistol grip 12 gauge shotgun, a baggie of marijuana, a cell phone, and a small amount of crack cocaine inside the passenger compartment. In the trunk of the vehicle the officers found a loaded SKS semi-automatic assault rifle.

Based on the foregoing events, Terrell, by a superseding indictment, was charged in eleven counts with various drug violations. In Count 1 he was charged with possession of crack cocaine with an intent to distribute in violation of 21 U.S.C. § 841(a)(1). In Counts 2 to 4 Terrell was charged with using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). In Counts 5 to 9, he was charged with being an unlawful user of a controlled substance who was in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). And in Counts 10 and 11 he was charged with simple possession of marijuana and crack cocaine in violation of 21 U.S.C. § 844(a). As

above stated, a jury convicted Terrell on all counts.

On appeal, counsel's initial argument is that the district court erred in denying Terrell's pretrial motion to suppress. Prior to trial, Terrell filed a motion to suppress the use at trial of "all evidence and statements that were obtained as a result of the seizure of defendant in an automobile on April 1, 1997." The government filed a response thereto, and, after an evidentiary hearing, the district court denied the motion to suppress.[2] On appeal, counsel argues that the initial stop of Terrell's vehicle was not based on a "reasonable and articulable suspicion that the person seized is engaged in criminal activity," citing *United States v. Alvarez,* 68 F.3d 1242, 1244 (10th Cir. 1995), and that this unlawful seizure taints all that occurred thereafter. We disagree.

We reject the suggestion that Gamboa's stop of the Terrell driven vehicle was not based on probable cause or on reasonable grounds and that such, under the rationale of *Wong Sun v. United States,* 371 U.S. 471 (1963), taints all that happened thereafter. Gamboa observed Terrell driving down the middle of Piatt Street, instead of on the right side thereof, saw him "overstop" at a stop sign, saw him swerve towards her stopped vehicle, all at four o'clock a.m. Such, in our view, constituted probable cause or reasonable grounds to stop the vehicle and make inquiry as to the cause for the erratic driving. *See U.S. v. Hunnicutt,* 135 F.3d 1345 (10th Cir. 1998). We would also note,

---

[2]The only witness testifying at the hearing on the motion to suppress was Gamboa. Terrell elected not to testify.

parenthetically, that the "stop" did not result in any appreciable "seizure," since Terrell, after a brief verbal encounter with Gamboa, fled the scene of the "stop," led the police on a high speed chase, abandoned his vehicle in an open field and fled the scene on foot.[3] In any event, under the described circumstances, the district court did not err in denying the motion to suppress. Gamboa had reasonable grounds to make the stop.

Prior to trial, Terrell filed a motion to dismiss Counts 5 through 9 of the superseding indictment which charged him with being an "unlawful user" of a controlled substance who knowingly and unlawfully possessed a firearm affecting interstate commerce in violation of 18 U.S.C. § 922(g)(3). The grounds for the motion were that the statute itself was unconstitutionally vague and in violation of the due process clause of the Fifth Amendment. The district court, pursuant to *United States v. Reed,* 114 F.3d 1067 (10th Cir. 1997) took the matter under advisement and deferred ruling thereon until trial of the matter. Thereafter, during trial, and in post trial motion, counsel renewed his argument that the statute was unconstitutionally vague. The motion was ultimately denied. On appeal, counsel again argues that the statute in question is unconstitutionally vague. Counsel zeros in on the term "unlawful user" and asserts that it is "overbroad," and would include one, for instance, who had been an "unlawful user" in the distant past, but was no longer an "unlawful user."

The Eighth Circuit considered this question in *United States v. McIntosh,* 23 F.3d

---

[3]See, in this connection, *California v. Hodari D,* 499 U.S. 621 (1991).

1454 (8th Cir. 1994).  In that case the court held that the statute did not require the government to prove that the defendant was using the controlled substance "at the same time he was in possession of the firearm," and that the government need only prove that "Mr. McIntosh was an 'unlawful user' . . . during the time he possessed the firearms."  23 F.3d at 1458.

In *United States v. Easter,* 981 F.2d 1549, 1557 (10th Cir. 1992), we held that a penal statute is void for vagueness if it fails to "'define the criminal offense with sufficient definitiveness [so] that ordinary people can understand what conduct is prohibited.'"  We went on to hold in that case that "[v]agueness challenges not implicating the First Amendment must be examined in light of the facts of the case at hand."  *Id.*  To the same effect, see *United States v. Reed,* 114 F.3d at 1070.

So, under *Easter* and *Reed*, 18 U.S.C. § 922(g)(3) is not facially vague, and a charge of vagueness is to be "examined in light of the facts of the case at hand."  The "facts" in the instant case are such that 18 U.S.C. § 922(g)(3) is not unconstitutionally vague.  In this regard, we note that at the time Terrell was initially stopped, the arresting officers testified that Terrell's conduct indicated that he was under the influence of "something."  A subsequent Breathalyzer test ruled out alcohol.  Further, Detective Speer, under cross-examination, testified concerning marijuana use by Terrell at or about the time of his stop.  Speer testified that there were burnt, hand-rolled cigarettes

in the baggie of marijuana, indicating personal use. In sum, the district court did not err in holding that 18 U.S.C. § 922(g)(3) is not unconstitutionally vague when applied.

Counsel's last argument on appeal is that the evidence is legally insufficient to support his conviction on Counts 1 through 9. In this regard, counsel reasserts his argument that the government failed to produce sufficient evidence to show that Terrell was an "unlawful user" at or about the time he possessed a firearm. We have already considered this particular matter. Counsel also argues that the evidence is insufficient to show that Terrell possessed the marijuana or cocaine with an intent to distribute. We disagree.[4] In short, we reject counsel's suggestion that Terrell was a "mere possesser" of drugs. The record supports the jury's determination that Terrell was a "user" at or about the time he possessed a firearm and also that he possessed controlled substances with an intent to distribute.

Judgment affirmed.

ENTERED FOR THE COURT,

Robert H. McWilliams
Senior Circuit Judge

---

[4]At trial, Terrell elected not to testify, and called no witnesses to testify on his behalf.