**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-50320

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

JASON JEROME EDWARDS, also known as Jason Edwards,

Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Texas

July 23, 1999

Before POLITZ, JOLLY, and DUHÉ, Circuit Judges.

JOHN M. DUHÉ, JR., Circuit Judge:

A jury convicted Jason Jerome Edwards ("Edwards") of possessing a firearm while an unlawful user of a controlled substance in violation of 18 U.S.C.A. § 922(g)(3) (West Supp. 1999). On appeal, Edwards challenges the constitutionality of the statute on the ground that the phrase "unlawful user of a controlled substance" is void for vagueness. We affirm his conviction holding that the statute is constitutional.

## BACKGROUND

On December 6, 1996, Midland, Texas police officers executed a search warrant for a home in which Edwards resided. In the front

room, the officers discovered a burning cigar emitting the odor of marijuana. The officers also discovered a small amount of cocaine, approximately $3000 in cash, and three firearms including a .380 caliber pistol. Edwards admitted to the officers that he owned the pistol, but denied knowing anything about the cocaine.

A jury convicted Edwards of one count of possession of a firearm while a user of a unlawful controlled substance in violation of 18 U.S.C.A. § 922(g)(3) (West Supp. 1999). The district court sentenced him to 24 months imprisonment.

## ANALYSIS

Edwards sole argument on appeal is that § 922(g)(3) is unconstitutionally vague because it fails to designate a time frame concerning when the individual must use the controlled substance in connection with the possession of a firearm.[1] He contends that the statute does not clearly distinguish between a past unlawful user of a controlled substance and a current unlawful user of a controlled substance. He asserts his conduct does not constitute

---

[1]Section 922(g)(3) provides:

(g) It shall be unlawful for any person –

    (3)who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C.A. 922(g)(3) (West Supp. 1999).

a violation of § 922(g)(3) because he was not using drugs at the exact moment the police found him in possession of a firearm.

A criminal statute survives our vagueness review if it "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."  See United States v. Gray, 96 F.3d 769, 776 (5th Cir. 1996) (citing Posters 'N' Things, Ltd. v. U.S., 511 U.S. 513, 525 (1994)).  Additionally, when a vagueness challenge does not involve First Amendment freedoms, we examine the statute only in light of the facts of the case at hand. See id.  (citing United States v. Mazurie, 419 U.S. 544, 550 (1975) and Chapman v. United States, 500 U.S. 453, 467 (1991)).

Edwards relies on United States v. Reed, 924 F.Supp. 1052, 1056 (D. Kan. 1996), rev'd, 114 F.3d 1067, 1070-71 (10th Cir. 1991) and United States v. Weissman, 373 F.2d 799, 803 (9th Cir. 1967). In Reed, out of 7 counts, the court allowed only one where the defendant actually used a controlled substance while simultaneously possessing a gun.  Reed, 924 F.Supp. at 1056.  The Tenth Circuit reversed and remanded for trial holding that the district court impermissibly determined the constitutionality of the statute on a motion to dismiss before the government had presented any evidence concerning the defendant's conduct. Reed, 114 F.3d at 1070-71.  In Weissman, the Ninth Circuit held the terms "uses narcotic drugs" and "user of narcotic drugs" were unconstitutionally vague as they

3

were used in 18 U.S.C.A. § 1407 requiring the registration of drug users at international borders. See Weissman, 373 F.2d at 802-03. However, as the government notes and the Ninth Circuit itself later observed in United States v. Ocegueda, 564 F.2d 1363, 1366 (9th Cir. 1977), Weissmann was decided prior to the Supreme Court decisions limiting the scope of vagueness review in non-First Amendment cases; therefore, it is not controlling.

The government relies on the Ninth Circuit's decision in Ocegueda dealing with an identical challenge to § 922(g)(3)'s predecessor, 18 U.S.C.A. § 922(h)(3). Id. The court held that "Ocegueda's prolonged use of heroin, occurring before, during and after the period of the gun purchases, presents a situation where the term cannot be considered vague under the due process clause of the Fifth Amendment." Id. at 1366.[2]

The application of § 922(g)(3) to the facts of the instant case is clearly constitutional. Edwards admitted to using marijuana on May 20, 1996 in a hotel and pled guilty to a possession of marijuana offense arising from that incident. On July 10, 1996, the police found marijuana in Edwards' car during a traffic stop. On November 6, 1996, in the course of detaining

---

[2]Additionally, the government relies on United States v. McIntosh, 23 F.3d 1454 (8th Cir. 1994) and United States v. Corona, 849 F.2d 562 (11th Cir. 1988). Addressing sufficiency of the evidence challenges, the courts merely held that § 922(g)(3) does not require that the government prove the defendant was using drugs at the exact moment he purchased or possessed the firearm. See McIntosh, 23 F.3d at 567; Corona, 849 F.2d at 1458. The courts did not directly address the constitutionality of the statute.

4

Edwards while investigating the smell of marijuana in movie theater, the police found a baggie of marijuana in the police car where Edwards was sitting moments before.  On December 6, 1996, the night on which the police recovered the gun forming the basis of this conviction, the police found marijuana and cocaine at Edwards' residence.  Finally, on September 27, 1997, Edwards admitted in a statement to a Bureau of Alcohol, Tobacco & Firearms agent that he used marijuana on a daily basis and had done so for the past two to three years.  An ordinary person would understand that Edwards' actions establish him as "an unlawful user of a controlled substance" while in possession of a firearm.  For the above reasons, we affirm Edwards' conviction.

## CONCLUSION

The application of § 922(g)(3) to Edwards' conduct clearly withstands his vagueness challenge; therefore, we affirm his conviction for possession of a firearm while an unlawful user of a controlled substance.

**AFFIRMED**