**UNITED STATES of America,**

v.

**Teddy BASTIAN, Defendant.**

**No. S1 00 CR 281(VM).**

United States District Court,
S.D. New York.

Sept. 12, 2000.

damages. Plaintiff sought to compel the insurer to defend and indemnify the defaulting insured.

---

### DECISION AND ORDER

MARRERO, District Judge.

Defendant Teddy Bastian is charged in a two count indictment with possession of a firearm which had the serial number obliterated, altered, or removed in violation of 18 U.S.C. § 922(k)("Count One"), and possession of a firearm while being an unlawful user of a controlled substance, namely cocaine and marijuana, in violation of 18 U.S.C. § 922(g)(3)("Count Two"). Bastian now moves to dismiss Count Two on the ground that § 922(g)(3) is unconstitutionally vague because it lacks a temporal element. Bastian also moves to dismiss Count One or Count Two on the ground that the two counts are multiplicitous in violation of the Double Jeopardy Clause. Alternatively, Bastian seeks either severance or bifurcation of the two counts for trial. For the reasons discussed below, the motion is denied.

### I. *MOTION TO DISMISS*

#### A. *Constitutionality of Section 922(g)(3)*

Section 922(g)(3) of Title 18 makes it unlawful for any person

> who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Bastian argues that § 922(g)(3) is unconstitutionally vague because it fails to designate a time frame concerning when the individual must use the controlled substance in connection with the possession of a firearm. He contends that the statute

does not clearly distinguish between a past unlawful user of a controlled substance and a current unlawful user of a controlled substance. Bastian claims that the indictment does not specify when he used the cocaine he allegedly possessed, and that because no time frame for usage is offered, the statute as applied is unconstitutionally vague. *See* Memorandum in Support of Motion to Dismiss at 2.

■■■ Under the void for vagueness doctrine, a criminal statute violates the Due Process Clause if it "fails to give persons of ordinary intelligence fair notice that their contemplated conduct is proscribed." *Marty's Adult World v. Town of Enfield*, 20 F.3d 512, 516 (2d Cir.1994). A vagueness challenge to a statute may be facial—a claim that the law is invalid *in toto*, incapable of any valid application—or as-applied. *See Steffel v. Thompson*, 415 U.S. 452, 474, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). Where the challenged statute implicates no constitutionally protected conduct, a facial vagueness challenge may be upheld only "if the enactment is impermissibly vague in all of its applications." *Village of Hoffman Estates v. Flipside Hoffman Estates*, 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (internal quotations omitted). However, because a person whose conduct is clearly proscribed by a statute cannot complain of the vagueness of the law as applied to others, a court must examine the complainant's conduct in relation to the relevant prohibition before analyzing other hypothetical applications of the law. *See id.; Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). Consequently, vagueness challenges outside the context of the First Amendment, whether facial or as-applied, cannot succeed except in light of the facts of the case at hand. *See United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975) (vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand); *United States v. Powell*, 423 U.S. 87, 92, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975) (same).

Challenges to § 922(g)(3) similar to Bastian's on vagueness grounds have been considered and rejected by several circuit courts, but only in the context of a direct appeal from a trial—after the record has been fully developed. *See United States v. Edwards*, 182 F.3d 333 (5th Cir.1999); *United States v. Terrell*, 172 F.3d 880 (10th Cir.1999); *United States v. Oberlin*, 145 F.3d 1343 (9th Cir.1998). Bastian raises his vagueness challenge in this pretrial motion to dismiss, based on the indictment alone.

In *United States v. Reed*, a case squarely on point, the Tenth Circuit held that the district court impermissibly determined the constitutionality of § 922(g)(3) on a pre-trial motion to dismiss before the Government had presented any evidence concerning the defendant's conduct. *See* 114 F.3d 1067, 1070 (10th Cir.1997). Though the Government made a proffer of its evidence before the district court decided the motion to dismiss, the Tenth Circuit nevertheless concluded that "such a sensitive and fact intensive analysis ... should be based only on the facts as they emerge at trial." *Id.* "A proffer," the court observed, "is not evidence, *ipso facto.*" *Id.*

■■■ The Court concurs with the Tenth Circuit's reasoning and conclusion in *Reed*. Heeding the Supreme Court's admonition that a vagueness challenge to a statute may only be examined in light of the facts of the case at hand, this Court cannot conduct a proper examination of the application of § 922(g)(3) to Bastian's case on the basis of the indictment alone. Accordingly, Bastian's motion is denied without prejudice. Bastian may renew his argument at a later stage of the proceeding, after the Government's evidence pertinent to the issues Bastian raises has been adduced at trial.

## B. *Multiplicity of the Indictment*

Bastian also moves to dismiss either Count One or Count Two on the ground

that they are multiplicitous. "An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States v. Chacko,* 169 F.3d 140, 145 (2d Cir.1999). This practice subjects a person to punishment for the same crime more than once, which violates the Double Jeopardy Clause of the Fifth Amendment. *See* U.S. Const. amend. V; *United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

The Second Circuit has employed a three step analysis to determine whether Congress intended to authorize multiple punishments for conduct that violates two statutory provisions. *See United States v. Seda,* 978 F.2d 779, 780 (2d Cir.1992); *United States v. Maldonado–Rivera,* 922 F.2d 934, 981 (2d Cir.1990). First, the language of the provisions must be analyzed. If the two offenses charged are set forth in separate statutes, or in different sections of one statute, or in different parts of a section, and each clearly authorizes a punishment for the violation of that provision, the court may ordinarily infer that Congress intended to authorize punishment under each provision. Second, the *Blockburger* "same-elements" test, *i.e.,* whether each provision requires proof of a fact that the other does not, is employed to ascertain whether the inference that Congress intended multiple punishments is reasonable. *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). If the *Blockburger* test is satisfied, the court may presume that multiple punishments are authorized. Finally, this presumption is tested against the legislative history of the applicable provisions to ensure there is no indication of a contrary congressional intent.

Here, the provisions at issue are set forth in two different subsections of the same statute and Congress has expressly authorized a distinct punishment for each—a five year maximum term of imprisonment for violation of § 922(k), *see* 18

U.S.C. § 924(a)(1)(B), and a ten year maximum for § 922(g), *see id.* § 924(a)(2).

Furthermore, each of the two counts charged against Bastian requires proof of a fact that the other does not. With respect to Count One, the Government must prove that Bastian knew that the handgun allegedly in his possession had a defaced serial number. This requirement is not an element of Count Two. With respect to Count Two, the Government must establish that Bastian was an unlawful user of a controlled substance. This proof is not an element of Count One. Thus, on the charges here, the *Blockburger* test is satisfied.

The foregoing analysis supports a reasonable inference that Congress intended to authorize separate punishments under the two provisions of § 922 at issue. Accordingly, the Court presumes that multiple punishments are authorized and proceeds to test the presumption against the legislative history of the provisions of the statute to determine whether there is any indication of a contrary legislative intent. The Court has found, and Bastian has offered, nothing in the legislative history of either subsection which would suggest that Congress intended to preclude multiple punishments for the offenses here. Where the legislative history offers no guidance, the reviewing court should conclude that Congress intended to authorize multiple punishments. *See United States v. Nakashian,* 820 F.2d 549, 551 (2d Cir.1987) (citing *Albernaz v. United States,* 450 U.S. 333, 336–42, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)); *United States v. Marrale,* 695 F.2d 658, 662 (2d Cir.1982); *cf. United States v. Zhang,* 833 F.Supp. 1010, 1019 (S.D.N.Y.1993) (where *Blockburger* test is satisfied, defendant bears burden of showing that legislative history reflects intent to preclude multiple punishments).

Bastian maintains that, despite the *Blockburger* analysis, " 'Congress, by rooting all the offenses in a single legislative enactment, and by including all the offenses in subsections of the same statute,

signaled that it did *not* intend multiple punishments for the possession of a single weapon.'" Mem. in Supp. at 6 (emphasis in original) (quoting *United States v. Munoz–Romo,* 989 F.2d 757, 759 (5th Cir. 1993)). He argues that this case is analogous to several cases in which various circuit courts have held that indictments charging violations of two or more subsections of § 922(g) were multiplicitous, even though the *Blockburger* test was satisfied. *See United States v. Dunford,* 148 F.3d 385, 388 (4th Cir.1998); *United States v. Johnson,* 130 F.3d 1420, 1425 (10th Cir. 1997); *United States v. Munoz–Romo,* 989 F.2d 757, 759 (5th Cir.1993); *United States v. Winchester,* 916 F.2d 601, 605–06 (11th Cir.1990); *but see United States v. Peterson,* 867 F.2d 1110, 1115 (8th Cir.1989) (convictions under §§ 922(g)(1) and (g)(3) for same act of possession did not violate the Double Jeopardy Clause), *abrogated on other grounds, Horton v. California,* 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).

The above cases are, as noted by the Government, distinguishable on the ground that they involved charges under different subparts of subsection 922(g), rather than, as here, different subsections of § 922. Indeed, in *United States v. Mansolo,* the Fifth Circuit held that a defendant could be tried and convicted, consistent with double jeopardy principles, for both possession of a stolen firearm in violation of § 922(j) and possession of a firearm with an obliterated serial number in violation of § 922(k), based on his possession of a single gun on one occasion. *See* 129 F.3d 749 (5th Cir.1997). The court expressly held that its decision in *Munoz–Romo,* relied on by Bastian, was not controlling because *Munoz–Romo* involved different subparts of a single subsection of § 922, rather than two subsections of § 922. The distinction between the instant case and those cited by Bastian is buttressed by a closer examination of the language and distinct purposes served by the various statutory provisions at issue.

Section 922(g) makes it unlawful for a person who fits within the definition of any one of nine specified classes to possess a firearm or ammunition. Thus, the statute prohibits firearm possession by, for example, convicted felons, fugitives, unlawful users of drugs, adjudicated "mental defectives," and illegal aliens. While the prohibited conduct is the possession of any firearm or ammunition, the statute applies only to members of classes specified in the statute. The nine classes of people barred from firearm possession by § 922(g) are comprised of persons who, by reason of their status, Congress considers too dangerous to possess guns. To establish the crime, both elements are prerequisites, but it is the conduct—firearm possession—that Congress targeted. If multiple prosecutions were permitted under various subparts of § 922(g) for the possession of a single firearm on one occasion, it would effectively criminalize membership in the class itself. Nothing in the statute, however, suggests that Congress sought to punish persons by reason of their legal status alone.

Section 922(k) seeks to achieve entirely different ends. It makes it unlawful for any person to knowingly possess a firearm which has had its serial number defaced. Such a gun poses a special threat to the community because its chain of custody, often essential in solving crimes, is virtually impossible to establish. Thus, it is the obliteration of serial numbers Congress targeted in § 922(k), not solely the possession of the firearm.

█ With these enactments, Congress has established that an illicit drug user who possesses a firearm is culpable, and that any person who knowingly possesses a firearm with a defaced serial number is also culpable. It follows, without offending the prohibition against double jeopardy, that an illicit drug user who knowingly possesses a firearm with a defaced serial number may be deemed more culpable, and subject to multiple punishment, be-

cause such person has committed not one but two distinct offenses.

## II. *SEVERANCE OF INDICTMENT*

Fed.R.Crim.P. 8(a) provides that two or more offenses may be charged in the same indictment if the offenses "are of the same or similar character or are based on the same transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Rule 8 "reflects a policy determination that gains in trial efficiency outweigh the recognized prejudice that accrues to the accused." *United States v. Turoff*, 853 F.2d 1037, 1042 (2d Cir.1988); *accord United States v. Orena*, 986 F.2d 628, 631 (2d Cir.1993) (Government may properly employ joint trials "as a means of economizing judicial and other resources", and comply with its due process obligations).

Notwithstanding proper joinder, counts charged in the same indictment may be severed, under Fed.R.Crim.P. 14, if joinder presents a risk of prejudice. Given the balance struck by Rule 8, which "authorizes some prejudice" against the defendant, a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in "substantial prejudice." *Turoff*, 853 F.2d at 1043; *accord United States v. Cervone*, 907 F.2d 332, 341 (2d Cir.1990) (defendant must show he was so severely prejudiced by spillover evidence that joint trial constituted a miscarriage of justice).

The two counts charged against Bastian are properly joined under Rule 8(a), as both charges arise out of a single event and require much of the same evidence. Bastian's allegations of prejudice are insufficient to overcome his heavy burden. Evidence of Bastian's drug use would not necessarily suggest to a jury that he has a propensity to possess a firearm with a defaced serial number. In any event, a proper limiting instruction will safeguard Bastian's right to a fair trial, as juries are presumed to follow such instructions. *See Zafiro v. United States*, 506 U.S. 534, 540–41, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Neither severance nor bifurcation is necessary for Bastian to receive a fair trial on both counts.

### *ORDER*

Bastian's motion to dismiss Count Two of the indictment, or, in the alternative, for an order granting a severance of Counts One and Two, is denied. The parties are reminded that the final pre-trial conference is scheduled for 16 October 2000 at 4:30 PM.