UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50372

_____

United States of America,

Plaintiff-Appellee,

v.

Al Lee McGruder,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
(MO-99-CR-67-2)

_____

May 15, 2001

Before DAVIS, WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

Al Lee McGruder was convicted of one count of possession of cocaine base in violation of 21 U.S.C. § 844(a) and one count of being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). McGruder now challenges the district court's denial of his motion to suppress certain evidence, the sufficiency of the evidence sustaining his conviction for violating 18 U.S.C. § 922(g)(3), and the constitutionality of 18 U.S.C. § 922(g)(3) as applied to him in

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

this case.  For the reasons that follow, we affirm both of McGruder's convictions.

I.

Sergeant Alan Thompson of the Midland County Sheriff's Department observed a confidential informant make a controlled purchase of crack cocaine at 2413 East California Street in Midland, Texas.  The informant told Thompson that the man with whom he usually dealt at the house was not there, but that another man had sold him the crack cocaine.  Sergeant Thompson then determined that the man who had previously sold the crack cocaine to the informant was an Allen Lumant Wilson.  The informant tentatively confirmed Thompson's conclusions, and Thompson obtained a warrant to search the house at 2413 East California Street and to arrest Allen Lumant Wilson.

Several officers from the Midland County Sheriff's Department executed the warrant on January 8, 1999.  Upon approaching the house, the officers saw two people inside, one of whom was McGruder.  McGruder, a black male who is 5'9" tall and weighs 165 pounds, bore some resemblance to Wilson, who was described in the warrant as a black male who is 5'11" tall and weighs 130 pounds. The officers entered the house and secured McGruder and the other occupant by handcuffing them and placing them on the floor.  The officers then searched McGruder's person and discovered a matchbox wrapped in currency in his front pants pocket.  The matchbox contained 18 rocks of crack cocaine.  The search of the house

-2-

turned up a loaded Smith & Wesson revolver hidden under a couch and a rifle in one of the bedrooms. McGruder was then placed under arrest and read his Miranda rights. McGruder then admitted to the officers that he owned the revolver.

## II.A.

McGruder first argues on appeal that the district court erred in not suppressing the evidence the officers found while executing the search warrant. In particular, he argues that the search of his person was illegal because he was not the person named in the warrant. He also argues that the affidavit prepared by Sergeant Thompson in his application for the warrant was insufficient to show probable cause. When reviewing the denial of a motion to suppress, we review factual findings for clear error and conclusions of law de novo. United States v. Cherna, 184 F.3d 403, 406 (5th Cir. 1999), cert. denied, 529 U.S. 1065, 120 S.Ct. 1669, 146 L.Ed.2d 479 (2000).

Where the police have probable cause to arrest one person and they reasonably mistake a second person for the first person, then the arrest of the second person is a valid arrest. Hill v. California, 401 U.S. 797, 802, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971); Blackwell v. Barton, 34 F.3d 298, 303 (5th Cir. 1994). As we have said, McGruder bore some resemblance to the description of Wilson in the warrant. Based on that fact and the other facts recited in the affidavit attached to the warrant - in particular, the presence of crack cocaine at 2413 East California Street - the

officers had a good faith belief that they were arresting the right person. Id. Thus, McGruder's arrest was valid even though he was not the person named in the warrant which the officers were executing. As McGruder's arrest was valid, the officers were authorized to search his person for any evidence of a crime. United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); United States v. Ivy, 973 F.2d 1184, 1187 (5th Cir. 1992), overruled on other grounds by United States v. Thompson, 122 F.3d 304 (5th Cir. 1998).[1]

Concerning the affidavit of Sergeant Thompson, we will not reach the question of probable cause if the good faith exception to the exclusionary rule announced in United States v. Leon, 468 U.S. 897, 913, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), applies. Cherna, 184 F.3d at 407; United States v. Shugart, 117 F.3d 838, 843 (5th Cir. 1997). That is, we will not reach the question of probable cause so long as the officers' reliance on the warrant was objectively reasonable. McGruder argues that Sergeant Thompson's affidavit so lacks indicia of probable cause as to make the officers' reliance on it objectively unreasonable. See Leon, 468 U.S. at 915; Shugart, 117 F.3d at 844.

We agree with the district court that Sergeant Thompson's

---

[1]We also note that the fact that McGruder was searched before he was arrested is of no consequence in light of the fact that the police were already authorized to arrest McGruder by virtue of the warrant. Rawlings v. Kentucky, 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); United States v. Hernandez, 825 F.2d 846, 852 (5th Cir. 1987).

-4-

affidavit is not "bare bones". The affidavit states that the confidential informant had seen drugs at 2413 East California Street and that the informant had given reliable information in the past. The affidavit has the facts and circumstances from which a magistrate could make an independent determination about the existence of probable cause. As such, the officers who executed the warrant were objectively reasonable in relying on the warrant to establish probable cause. United States v. Fields, 72 F.3d 1200, 1214 (5th Cir. 1996).

## B.

McGruder next argues on appeal that the evidence was insufficient to show that he was an unlawful user of a controlled substance for the purposes of 18 U.S.C. § 922(g)(3). We review the sufficiency of the evidence in the light most favorable to the verdict to determine if a reasonable trier of fact could have found the element of the crime in question beyond a reasonable doubt. Id. at 1210.

Texas State Trooper Jim Faulkner testified that he stopped a car in which McGruder was a passenger on July 27, 1997. Faulkner smelled marijuana smoke in the car and was told by McGruder that he had been smoking marijuana earlier in the day. Faulkner also found marijuana under the seat in which McGruder was sitting. Officer Jordan Medrano of the Odessa Police Department testified that McGruder was present in a hotel room that Medrano searched on September 21, 1998. Medrano found crack cocaine during the search

-5-

and McGruder admitted to smoking marijuana with the other occupants of the hotel room. Finally, McGruder's counsel argued that the crack cocaine found on McGruder's person during the search of 2413 East California Street was more consistent with possession for personal use than with possession with an intent to distribute.[2] The evidence was clearly sufficient to allow the jury to conclude that McGruder was an unlawful user of a controlled substance.

## C.

McGruder's last argument on appeal is that 18 U.S.C. § 922(g)(3) is unconstitutional as applied to him. In particular, McGruder argues that the statute is unconstitutionally vague because it does not define the time frame in which a defendant must use a controlled substance in connection with possession of a firearm. We review the constitutionality of a federal statute de novo. United States v. Luna, 165 F.3d 316, 319 (5th Cir. 1999), cert. denied, 526 U.S. 1126, 119 S.Ct. 1783, 143 L.Ed.2d 811 (1999).

Given the evidence reviewed above concerning McGruder's drug use, an ordinary person would clearly understand that McGruder's actions established him as an unlawful user of a controlled substance at the time the officers discovered that McGruder possessed a firearm. United States v. Edwards, 182 F.3d 333, 335

---

[2]McGruder was in fact indicted for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The jury found him guilty of the lesser included offense of simple possession of cocaine base in violation of 21 U.S.C. § 844(a).

(5th Cir. 1999).

For the above reasons, the judgment of the district court is AFFIRMED.

AFFIRMED.